UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PROFESSIONAL TRANSPORTATION RISK RETENTION GROUP, INC., etc.,

Plaintiff,

v. CASE NO. 3:25-cv-299-TJC-SJH

SERZULE TRANSPORT CORP, etc., et al.,

Defendants.
_________________________________/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Renewed Motion for Entry of Final Default Declaratory Judgment ("Motion"). Doc. 37. For the reasons herein, the Motion will be denied without prejudice, and Plaintiff will be directed, among other things, to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, and "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir. 1999). Plaintiff has invoked only diversity jurisdiction under 28 U.S.C. § 1332. *See* Doc. 12 ¶ 6.[1] Among

[1] Plaintiff seeks relief under the Declaratory Judgment Act. *Id.*, ¶ 1. But "[a]n action under the Declaratory Judgment Act, 'does not, of itself, confer jurisdiction upon the federal courts'; therefore,

other requirements, for such jurisdiction to exist "all plaintiffs must be diverse from all defendants." *Univ. of S. Ala.*, 168 F.3d at 412; *see also Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).

Thus, when a plaintiff invokes diversity jurisdiction, its allegations "must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio*, 735 F.3d at 1268. Absent "such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency." *Id.*

Plaintiff sues Serzule Transport Corp ("Corporate Defendant") and Pompilio Rodriguez-Paez ("Individual Defendant"). *See* Doc. 12. But Plaintiff does not adequately allege its own citizenship or that of Individual Defendant. *Id.*, ¶¶ 3, 5. With respect to itself, Plaintiff alleges only that it is "duly organized and existing under the laws of the State of Alabama." *Id.*, ¶ 3. That is insufficient. For diversity purposes, a corporation is a citizen of its state(s) of incorporation and the state of its principal place of business. *See* 28 U.S.C. 1332(c)(1); *see also Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013).[2] With respect to Individual Defendant, "a natural person is a citizen of the state in which he

---

'a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question.'" *Sellers v. Nationwide Mut. Fire Ins. Co.*, 968 F.3d 1267, 1273 (11th Cir. 2020) (citation omitted); *see also Patel v. Hamilton Med. Ctr., Inc.*, 967 F.3d 1190, 1194 (11th Cir. 2020); *Pauley v. M&T Bank*, No. 8:25-cv-2429-TPB-AEP, 2026 WL 234016, at *3 (M.D. Fla. Jan. 29, 2026).

[2] Plaintiff has also failed to file a disclosure statement as required by Fed. R. Civ. P. 7.1 and Local Rule 3.03.

is 'domiciled.'" *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) (citation omitted); *see also Travaglio*, 735 F.3d at 1269. Plaintiff's conclusory allegation that Individual Defendant is domiciled in Georgia is only on "information and belief," Doc. 12 ¶ 5, which is insufficient. *See Schneider Fin., Inc. v. First State LLC*, No. 6:23-cv-1468-RBD-DCI, 2023 WL 11891512, at *1 (M.D. Fla. Aug. 14, 2023); *Belcher v. Aramark Uniforms & Career Apparel, LLC*, No. 3:21-cv-375-MMH-JRK, 2021 WL 1542855, at *2 (M.D. Fla. Apr. 20, 2021).

In addition, Plaintiff seeks a declaratory judgment that it is not liable under an insurance policy for damages alleged in a lawsuit involving an accident in which Individual Defendant was driving, allegedly as the employee of Corporate Defendant. *See generally* Doc. 12. As relief, Plaintiff seeks a declaratory judgment that the damages sought in the lawsuit are not covered under the applicable policy, that even if otherwise covered the damages are barred by exclusions, and that an endorsement to the policy is not triggered to supply coverage. *Id.* [3] That relief raises questions requiring careful analysis as to whether this action is ripe and as to whether the amount in controversy satisfies the threshold for diversity jurisdiction. *See, e.g., Specialty Builders Ins. Co. v. Schaak Servs., Inc.*, No. 3:26-cv-891-MMH-SJH, 2026 WL 1215060, at *2 (M.D. Fla. May 4, 2026).

[3] Plaintiff does *not* seek relief relating to costs of defense. *See generally id.*

The Motion does not satisfactorily address any of the foregoing. Doc. 37.[4] Accordingly, it is **ordered**:

1. The Motion, Doc. 37, is **denied without prejudice**.

2. By no later than **October 6, 2026**, Plaintiff must: (i) file a disclosure statement in accordance with Local Rule 3.03, using the form on the Court's website; (ii) **show cause** in writing why this case should not be dismissed without prejudice for lack of subject matter jurisdiction; and (iii) file a renewed motion for default judgment, if such relief is warranted, or, if not, file a motion for other appropriate relief.

3. Failure to comply with the directives herein may result in the dismissal without prejudice of this case without further notice.

**DONE AND ORDERED** in Jacksonville, Florida, on September 22, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record

[4] As the Motion is due to be denied without prejudice for the reasons herein, the Court does not otherwise reach the sufficiency of the Motion. But the Court notes that the Motion appears lacking. If a renewed motion for default judgment is filed, Plaintiff must consider that when seeking default judgment, the movant must in the legal memorandum required by Local Rule 3.01 fully brief all matters necessary for entry of judgment, including, without limitation, the sufficiency of service, personal jurisdiction, subject matter jurisdiction, how each element of the claim(s) upon which judgment is sought is established by the well-pleaded allegations of the operative pleading, and entitlement to the requested relief.